The amendment proposed to be made, was of a scire facias to the heir-at-law of one Chalkley Evans, to show cause why a certain judgment in favor of one Nathan Elliott's administrator, against the executor of Chalkley Evans, should not be satisfied out of the lands descended, and why the execution should not go against the same. The land of the heirs had been sold under a judgment upon this sci. fa., and the plaintiff was the purchaser. The sci. fa. was correct, except that the cause was set forth as follows: "then and there to show cause, if any, why Nathan Elliott's administrator shan't have his judgment in a certain matter of controversy in said court depending, and then and there to be tried, wherein — rendered to him against the lands of the deceased, in the hands of said heir for $8.67 1/2 besides interest and cost."
The amendment proposed to be made is, to substitute as follows: — "then and there to show cause, if any, why Nathan Elliott's administrator shall not have execution against the lands and tenements of the said Chalkley Evans, in the hands of the said Margaret Evans, on a certain judgment heretofore to wit, at August Term last of said court, recovered by the said Nathan Elliott's administrator against the said Chalkley Evans' executor for $8.67 1/2 his debt, $2.56 his damages and *Page 42 
interest on said debt, c., of which he is convict as appears to us of record."
The amendment was allowed in the County Court, and thereupon William Stanton and his wife Margaret, (the above-mentioned Margaret Evans,) prayed an appeal to the Superior Court, which was allowed, and in that court the judgment of the County Court was affirmed, whereupon the said William Stanton and wife appealed to this court.
The judgment of the Superior Court is sustained fully by the recent cases of Green v. Cole, 13 Ire. Rep. 425. Campbell v. Barnhill, 1 Jones' Bep. 557, and Pendleton v. Pendleton, 2 Jones' Rep. 135, where the subject is sufficiently discussed and explained. It only remains for us to say, therefore, that the judgment is affirmed.
PER CURIAM. Judgment affirmed.